UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAISAL HUSSEIN ABEDALAZIZ,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2450

Honorable Robert J. Jonker

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to appear *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to deport or release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on August 5, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondent filed a response on September 15, 2026. (ECF No. 7.)

## II. Factual Background

Petitioner is a native and citizen of Jordan. (Form I-213, ECF No. 7-1, PageID.35.) On January 8, 2026, ICE agents arrested Petitioner. (*Id.*, PageID.36.) On May 8, 2026, the Detroit Immigration Court granted Petitioner's application for pre-conclusion voluntary departure under section 240B(a) of the INA "with [s]afeguards." (Immigration Court Order, ECF No. 7-2, PageID.40.) Petitioner was ordered to depart from the United States on or before June 22, 2026. (*Id.*) The Immigration Court order provided that, if Petitioner did not depart the United States by that deadline, an order of removal to Jordan "shall become immediately effective." (*Id.*) Petitioner waived appeal. (*Id.*, PageID.42.) Petitioner did not depart the United States by the June 22, 2026, deadline. Petitioner is now scheduled for removal to Jordan on September 29, 2026. (eTicket Receipt, ECF No. 7-3, PageID.44.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Petitioner sought voluntary departure under "INA § 240B," which is codified at 8 U.S.C. § 1229c. Section § 1229c(a)(1) provides in relevant part that "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion

of such proceedings." According to the accompanying regulations, the granting of voluntary departure may include the attachment of "any conditions [deemed] necessary to ensure the alien's timely departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added).

Here, Petitioner agreed to voluntarily depart the United States and waived appeal of the Immigration Judge's order granting voluntary departure "under safeguards." The phrase voluntary departure "under safeguards" appears to refer to the procedure involving a noncitizen's detention until departure. *See also Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) (stating that "the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"); *Hernandez v. Warden, Eden Det. Ctr.*, No. 6:26-cv-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026); *El Badrawi v. United States*, 787 F. Supp. 2d 204, 231–32 (D. Conn. 2011).

However, because Petitioner did not depart the United States by June 22, 2026, Petitioner's order of removal to Jordan became "immediately effective." (Immigration Court Order, ECF No. 7-2, PageID.40.) Petitioner waived his appeal of the Immigration Court's May 8, 2026, order. (*Id.*) Therefore, Petitioner's order of removal became final on June 23, 2026. *See* 8 U.S.C. § 1101(a)(47)(B) (explaining that, for the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney

General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

At the time that he filed his petition, Petitioner was within the 90-day removal period and subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

Moreover, even if the Court considers that the 90-day period has since expired, Petitioner is not entitled to relief. In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that the removal itself must be reasonably foreseeable to fall within post-removal-order detention authorized by the statute. *Id.* The Court indicated that there was no specific point in time at which the detention became constitutionally impermissible, and that the allowable period would vary from case to case. *Id.* Still, to assist the lower courts in making the difficult judgment calls about the lawfulness of detention, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months , though, the Court made clear that the detention may continue unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show

evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

In this case, Petitioner has not come forward with evidence that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. On the contrary, Petitioner is scheduled to depart the United States on September 29, 2026. (eTicket Receipt, ECF No. 7-3, PageID.44.) Accordingly, the Court will deny Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 23, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge